UNITED STATES PROJECTILE CO. v. SHARPLESS.

(Circuit Court, E. D. Pennsylvania.   May 31, 1902.)

No. 40.

REFERENCE—REVIEW OF FINDINGS OF REFEREE—CONSTRUCTION OF STIPULA-
TION.

By stipulation of the parties to an action at law, the case was referred
to a referee; the stipulation providing that his rulings on the admission
or rejection of testimony and conclusions of law should be reviewable
on exceptions by the court, and that his findings of fact should have
the same force and effect as the verdict of a jury.   Held, that the
referee's findings of fact were equivalent, under such stipulation, to a
special verdict, and could not be modified by the court or reviewed,
except in so far as to determine whether they were supported by any
evidence.

At Law.   On exceptions to report of referee.

Joseph C. Fraley, for plaintiff.

V. Gilpin Robinson, for defendant.

J. B. McPHERSON, District Judge.   When this case was called
for trial before a jury, the parties entered into the following agree-
ment:

"It is hereby agreed that the above case shall be referred to Carter
Berkeley Taylor, Esq., as referee, who shall hear and determine the case,
and report his conclusions thereon to the court.   His rulings on the admission
or rejection of testimony and conclusions of law shall be reviewable on ex-
ceptions by the United States circuit court, and his findings of fact shall
have the same force and effect as the verdict of a jury.   Judgment shall be
entered on said report in accordance with the decision of the United States
circuit court, and on appeal or writ of error from said judgment all questions
raised by said exceptions or by the final decision of the United States circuit
court shall be reviewable by the United States circuit court of appeals."

Under this agreement a large amount of testimony was taken, and
the report of the referee, finding in favor of the plaintiff, is now be-
fore the court.   The exceptions that were filed before the referee
by the defendant were overruled, and the first question to be deter-
mined is whether, under the foregoing agreement, I have power to
modify the findings of the referee.   The exceptions all relate to find-
ings of fact, and, as I understand the agreement, these findings are
equivalent to the special verdict of a jury.   If such a verdict were
before me, it is obvious that I should have no authority to put in
its place my own findings of fact.   At the best, I could do no more
than examine the testimony in order to see whether there was any
evidence to support the conclusions of the jury.   If more than a scin-
tilla of evidence should be found, the verdict would be final, although
the opposing testimony might seem to me to be convincing, and to
require a different conclusion.

The only conclusion of law is based upon the referee's findings of
fact, and is the general conclusion that the plaintiff is entitled to re-
cover.   This I can only review so far as to determine whether the
referee's findings of fact properly support such a conclusion.   An ex-
amination of the findings will show clearly that, if they are supported

by evidence, the conclusion of law indubitably follows; and I need only add that there is sufficient evidence to support them all. No doubt, the testimony is conflicting, but with this conflict I have nothing whatever to do.

The exceptions are accordingly overruled, and judgment may be entered in favor of the plaintiff, upon the report of the referee, for the sum of $5,228.35, with interest from March 19, 1902, and with costs of suit, including the referee's fee.